## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TESS HOLLIS ANDRIATTI, | : | MANDAMUS |
| Inmate # 286347, | : | 28 U.S.C. § 1361 |
|     Plaintiff, | : | |
| | : | |
|   v. | : | |
| | : | CIVIL ACTION NO. |
| SHERIFF NEIL WARREN, | : | 1:13-CV-4033-WSD-GGB |
|     Defendant. | : | |

## <u>ORDER AND FINAL REPORT AND RECOMMENDATION</u>

Plaintiff, Tess Hollis Andriatti, an inmate at the Cobb County Adult Detention Center in Marietta, has filed a *pro se* mandamus petition under 28 U.S.C. § 1361. [Doc. 1]. The matter is presently before me for a 28 U.S.C. § 1915A review. For the reasons discussed below, I recommend that the complaint be dismissed.

I.  <u>28 U.S.C. § 1915A Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either:  (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  *Carroll*

*v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

## II. Plaintiff's Allegations

Plaintiff seeks a writ of mandamus compelling the Cobb County Clerk of Court and the Cobb County Sheriff to issue a writ of habeas corpus for her release. Plaintiff contends that she is imprisoned "against her will" for a "victimless crime." Plaintiff also alleges that she has been denied bond and that the state lacks jurisdiction to prosecute her because she is a woman.

## III. Discussion

Mandamus relief is unavailable here. Federal district courts are granted jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. These courts, however, have no general power to issue

2

writs of mandamus to direct state officers or courts in the performance of their official duties.  *See Moye v. Clerk, DeKalb Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971).  Thus, this Court has no mandamus jurisdiction over state officials and lacks authority to direct the Cobb County clerk or sheriff to issue a writ of habeas corpus for Plaintiff's release.

To the extent that Plaintiff may be attempting to challenge her state criminal proceedings and is seeking release, such a claim cannot be brought in this § 1983 action.  A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).  Thus, Plaintiff must seek habeas corpus relief.

However, I will not construe Plaintiff's complaint as a habeas corpus petition, as Plaintiff appears to be facing pending state criminal charges and has not exhausted her state remedies with regard to those charges.  Further, I note that Plaintiff recently sought habeas corpus relief in this Court seeking to challenge her current charges and confinement, and I recommended that the petition be dismissed without prejudice. *See Andriatti v. Warren*, 1:13-CV-4031-WSD-GGB.

3

IV.  Conclusion

Based on the foregoing, **I RECOMMEND** that the instant action be **DISMISSED** under 28 U.S.C. § 1915A.

**I ORDER** that Plaintiff's "Motion for Amendment to Correct Defendants' Names" [Doc. 7] and "Motion to Amend Defendants" [Doc. 8] be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED,** this 10th day of February, 2014.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)