IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TESS HOLLIS ANDRIATTI,

                Plaintiff,

v.                                      1:13-cv-4033-WSD

SHERIFF NEIL WARREN,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [10]. The R&R considers Plaintiff Tess Hollis Andriatti's ("Plaintiff") Complaint for Mandamus Relief [1] ("Complaint"), "Motion for Amendment to Correct Defendants Names on Habeas Corpus, Forma Pauperis & Mandamus" [7] ("First Motion to Amend"), and "Motion to Amend Defendants on Amended Complaint" [8] ("Second Motion to Amend"). The Magistrate Judge recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915A and that Plaintiff's First Motion to Amend and Second Motion to Amend be denied as moot.

Also pending before the Court are Plaintiff's "Motion for Court to Order and Compel Release" [16] ("First Motion to Compel Release"), "Motion for Writ of

Mandamus Compelling Immediate Release" [17] ("Second Motion to Compel Release"), "Motion for Default Judgment as to Neil Warren" [18] ("First Motion for Default Judgment"), and "Motion for Default Judgment as to Neil Warren and State of Georgia" [19] ("Second Motion for Default Judgment").

## I.   BACKGROUND

On December 4, 2013, Plaintiff, an inmate at the Cobb County Adult Detention Center in Marietta, Georgia, filed her Complaint, requesting that the Court issue a writ of mandamus "against the clerk of the Court in order to compel the clerk of the Court to issue a [Writ of Habeas Corpus] in this case." (Complaint at 1). Plaintiff states that she has been imprisoned against her will for a "victimless crime," wrongfully denied bond by the state court, and that the state court lacks personal jurisdiction over her because she is a 68-year-old woman. (Id.). The Court construes Plaintiff's Complaint as a request that the Court issue a writ of mandamus compelling the state court to release her from custody.

On December 23, 2013, Plaintiff filed her "Amendment to Complaint" [6], stating that the Complaint listed the wrong defendant, and that the correct defendant was Neil Warren ("Defendant"). On January 6, 2014, Plaintiff filed her First Motion to Amend, which requested that the Court amend the name of the defendants in this action to remove Mike Burke. On February 3, 2014, Plaintiff

filed her Second Motion to Amend, requesting that the Court add Judge Dorothy Robinson, Sheriff "Neal Warren,"[1] "Victor Reynols – D.A.," and "Rebecca Keaton – Superior Court Clerk."

On February 10, 2014, the Magistrate Judge granted [9] (the "IFP Order") Plaintiff's Application for Leave to Proceed *in forma pauperis* [4] (the "IFP Application"), ordering Plaintiff to pay the full statutory fee of $350 as funds are deposited in her inmate account.  On February 10, 2014, the Magistrate Judge also recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).  (R&R at 2-3).  The Magistrate Judge noted that the Court did not have authority to issue a writ of mandamus compelling state officers or the state court to perform their official duties.  (Id.).[2]

On February 14, 2014, Petitioner filed her first objections [12] ("First Objection") to the R&R.  On February 26, 2014, Plaintiff filed her second objections [13] ("Second Objection") to the R&R and her objections [14]

---

[1]   Plaintiff's other pleadings spell Mr. Warren's first name as "Neil."

[2]   The Magistrate Judge noted that to the extent that Plaintiff was attempting to challenge her state criminal proceedings, a habeas petition is the proper method of raising such a challenge.  (R&R at 3).  The Magistrate Judge did not construe Plaintiff's Complaint as a habeas petition, as Plaintiff has sought habeas relief in a different proceeding.  See Andriatti v. Warren, 13-cv-4031.  In that case, the Magistrate Judge recommended that Plaintiff's habeas petition be denied, and the Court adopted the Magistrate Judge's findings and recommendations.  See id. at [13].

("Objections to the IFP Order") to the Magistrate Judge's IFP Order.  On April 23, 2014, Petitioner filed her First Motion to Compel Release.  On May 29, 2014, Plaintiff filed her Second Motion to Compel Release, First Motion for Default Judgment and Second Motion for Default Judgment.

## II.  DISCUSSION

### A.  Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.  Analysis

#### 1.  The R&R and Plaintiff's Objections

Plaintiff asserts that she does "not have a pending criminal case" and is not "currently facing criminal charges."  (First Objection at 1; Second Objection at 1),

and therefore the Magistrate Judge's application of Younger v. Harris, 401 U.S. 37 (1971), "cannot be used [because] [t]his case is not an open case with 'pending state criminal prosecution[s] and [Petitioner] is not being held on criminal charges." (First Objection at 2). The Magistrate Judge, however, did not rely upon Younger, but instead dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Plaintiff appears to have filed objections identical to her objections in Plaintiff's separate habeas corpus action (13-cv-4031) to the Magistrate Judge's Report and Recommendation. Plaintiff's Younger-based arguments do not apply to this case.

The Court notes also that Plaintiff's argument that she does not have a pending criminal case is unfounded. In her Complaint, Plaintiff stated that she "is presently imprisoned against her will . . . and denied bond for a victimless crime . . . ." (Complaint at 1). Plaintiff also asserts that the State of Georgia does not have personal jurisdiction over her because there is no injured party. (Id.). Plaintiff's statements that she is being held involuntarily based upon a crime in which she faces prosecution by the State of Georgia compels the conclusion that

Plaintiff is currently facing criminal charges and is imprisoned pending an adjudication of her case.[3]

Plaintiff has not filed objections to the Magistrate Judge's finding that her Complaint fails to state a claim. The Court thus reviews the Magistrate Judge's findings and recommendations for plain error. See Slay 714 F.2d at 1095. The Magistrate Judge found that Plaintiff was not entitled to a writ of mandamus to direct state officers or the state court in the performance of their official duties, and properly recommended that the Court dismiss the Complaint. See Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (citing 28 U.S.C. § 1361 & Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)). The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

        2.     First Motion to Amend and Second Motion to Amend

The Magistrate Judge recommended that Plaintiff's First Motion to Amend and Second Motion to Amend be denied as moot. Plaintiff has not objected to the Magistrate Judge's recommendation. The Court thus reviews the Magistrate Judge's findings and recommendations for plain error. See Slay 714 F.2d at 1095.

---

[3] The Court notes that Plaintiff's IFP Application includes an affidavit and authorization to withdrawal funds from her inmate account.

The Court, having concluded that Plaintiff's Complaint fails to state a claim and should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), finds no plain error in the Magistrate Judge's recommendation that these motions be denied as moot. See Slay 714 F.2d at 1095.  The Court assumes that Plaintiff intended to bring against these additional defendants the same claims that she asserts against Defendant.  Plaintiff does not explain who the proposed new defendants are, or why they should be added as defendants.  Plaintiff did not establish a sufficient basis to support that joinder is required or allowed under Federal Rules of Civil Procedure 19 and 20.  Plaintiff failed to allege facts to support that the proposed defendants are liable to Plaintiff, and the proposed defendants do not have "fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Enwonwu v. Fulton-Dekalb Hosp. Auth., 286 Fed. Appx. 586, 598 (11th Cir. 2008), citing Coon v. Georgia Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987) (internal citation omitted).  Plaintiff failed to show why these unknown individuals should be named as defendants in this action, and, as a result, Plaintiff 's First Motion to Amend and Second Motion to Amend are required to be denied.

   3.   The IFP Order and Plaintiff's Objections

The Magistrate Judge granted Plaintiff's IFP Application and allowed Plaintiff to proceed without paying an initial partial filing fee. (IFP Order at 1).

The Magistrate Judge further ordered Plaintiff to pay the full statutory filing fee of $350 as funds are deposited in her inmate account under the provisions of 28 U.S.C. § 1915(b)(2).  28 U.S.C. § 1915(b)(2) provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

In her Objections to the IFP Order, Plaintiff requests that the Court amend the IFP Order so that Plaintiff is not obligated to pay the filing fee.  (Objections to IFP Order at 1).  Plaintiff asserts that she does not have family or friends to put money in her inmate account, and that she must pay $5 every time she seeks to visit the nurse.

Plaintiff does not cite any authority, and the Court is aware of none, that would allow the Court to waive the filing fee for Plaintiff.  28 U.S.C. § 1915(b)(1) states that a prisoner is "required to pay the full amount of the filing fee."  28 U.S.C. § 1915(b)(1).  The Court notes further that Plaintiff is entitled to retain the majority of any funds deposited in her inmate account, considering that § 1915(b)(2) requires that only twenty percent of the preceding months' income be applied to the filing fees owed, and only when Plaintiff's inmate account exceeds

8

$10.  See 28 U.S.C. § 1915(b)(2).  The Court overrules Plaintiff's Objections to the IFP Order.

        4.      Motions to Compel Release and for Default Judgment

Plaintiff's First Motion for Default Judgment and Second Motion for Default Judgment are also required to be denied.  Plaintiff's Complaint fails to state a claim pursuant to 28 U.S.C. § 1915(b)(2) and must be dismissed.  The Defendant, thus, is not obligated to respond, and default judgment is not warranted.  The Court concludes also that Plaintiff's First Motion to Compel Release and Second Motion to Compel Release are required to be denied.  Plaintiff is not entitled to a writ of mandamus compelling the state court to release her.  See Bailey, 226 F. App'x at 924 (citing 28 U.S.C. § 1361 & Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [10] is **ADOPTED** and that Plaintiff's objections [12, 13] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections [14] to the Magistrate Judge's February 1, 2014, Order granting Plaintiff's application to proceed *in forma pauperis* are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Amendment to Correct Defendants Names on Habeas Corpus, Forma Pauperis & Mandamus" [7] and "Motion to Amend Defendants on Amended Complaint" [8] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Court to Order and Compel Release" [16], "Motion for Writ of Mandamus Compelling Immediate Release" [17], "Motion for Default Judgment as to Neil Warren" [18], and "Motion for Default Judgment as to Neil Warren and State of Georgia" [19] are **DENIED**.

**SO ORDERED** this 14th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE